MICHAEL J. HEYMAN
United States Attorney

SETH M. BEAUSANG
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>JOSHUA WAHL,<br><br>    Defendant. | No. 3:23-cr-00087-SLG-MMS |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT**

  COMES NOW, the United States of America, to oppose the defendant's Motion to Dismiss Indictment filed at Dkt. 69. The defendant does not appear to dispute that the indictment in this case is legally sufficient under Fed. R. Crim. P. 7(c)(1). Instead, the defendant argues the charges in the indictment are based on protected speech. But whether a statement is protected speech, or a true threat, should be determined by the jury or on a motion for acquittal after the government's presentation of evidence at trial. Context matters. Thus, the motion to dismiss is premature and should be denied.

I.  **Background.**

As alleged in the Indictment, the defendant has a history of posting anti-Semitic content online, including on 4chan.org, a website that allows users to post content anonymously in several discussion forums, or boards.

Beginning in or around February 2023, Michael Chitwood, the Sheriff of Volusia County, Florida, received media attention after Chitwood held a news conference denouncing individuals who had distributed anti-Semitic fliers and broadcast a message in support of Adolf Hitler. Not later than in or around April 2023, and continuing through at least in or around July 2023, the defendant posted on 4chan numerous threats to injure and kill Chitwood. The defendant also sent Chitwood threatening emails.

For this conduct, the defendant is charged with one count of Cyberstalking in violation of 18 U.S.C. § 2261A(2), and four counts of Transmitting Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c). The Indictment contains eleven introductory general allegations. Each count incorporates these general allegations. The threat counts include the specific communications alleged to be threats. Each individual count states the date, location, elements, and target(s) of each charged offense.

II.  **The defendant's motion to dismiss.**

The defendant argues that the statements alleged in the indictment are protected speech and not "true threats." He further argues that the cyberstalking count is also based on protected speech and should be dismissed.

//

### III. Argument

#### A. Standard of review.

"In ruling on a pretrial motion to dismiss an indictment for failure to state an offense, [courts] are bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (alteration omitted) (quoting *United States v. Boren*, 278 F.3d 911, 913 (9th Cir. 2002)). A court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* Accordingly, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

#### B. True threats.

Because 18 U.S.C. § 875(c) punishes speech, it "must be interpreted with the commands of the First Amendment clearly in mind." *Watts v. United States*, 394 U.S. 705, 707 (1969) (per curiam). The government accepts for purposes of this motion that Count 1, alleging Cyberstalking in violation of 18 U.S.C. § 2261A(2), is also subject to the First Amendment. *Cf. United States v. Sryniawski*, 48 F.4th 583, 587 (8th Cir. 2022) ("[T] cyberstalking statute cannot be applied constitutionally to a defendant who directs speech on a matter of public concern to a political candidate with intent merely to trouble or annoy the candidate.").

However, the First Amendment does not protect "true threats." *United States v. Bachmeier*, 8 F.4th 1059, 1064 (9th Cir. 2021) (internal quotation marks omitted)

(quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)). True threats have both an objective and subjective element. *See, e.g.*, *United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012); *United States v. Bagdasarian*, 652 F.3d 1113, 1118 (9th Cir. 2011).

To meet the subjective prong, the court asks whether the speaker "meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual." *Bagdasarian*, 652 F.3d at 1122 (cleaned up) (citing *Black*, 538 U.S. at 359). The Supreme Court has held that, at a minimum, the government must prove that the speaker at least acted recklessly, meaning the government must prove that the speaker was "aware that others could regard his statements as threatening violence and delivers them anyway." *Counterman v. Colorado*, 143 S. Ct. 2106, 2117 (2023).

To meet the objective prong, the court asks "whether a reasonable person would foresee that [their] statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." *Keyser*, 704 F.3d at 638 (citation omitted). If it is "not clear" whether a statement is "protected expression or a true threat," it is generally "appropriate to submit the issue, in the first instance, to a jury." *United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir. 2002) (cleaned up, citation omitted). It is rare for a case to be "so clear that [this issue] can be resolved as a matter of law." *United States v. Merrill*, 746 F.2d 458, 462 (9th Cir. 1984) (overruling on other grounds recognized by *Hanna*, 293 F.3d at 1088 n.5)); *see also United States v. Zavalidroga*, 156 F.3d 1241 (9th Cir. 1998) (unpublished) (a court

should "dismiss the indictment only if the language was so facially insufficient that no reasonable jury could find that the language amounted to a true threat").

For both the subjective and objective elements the court should consider the context of the statements in determining whether they are true threats. *See, e.g.*, *Bagdasarian*, 652 F.3d at 1119 ("This objective test requires the fact-finder to look at the entire factual context of the statements including: the surrounding events, the listeners' reaction, and whether the words are conditional.") (cleaned up, quotations omitted); *United States v. Cook*, 542 F. App'x 698, 699 (9th Cir. 2013) (same for subjective test).

**D.     The defendant's statements are not protected by the First Amendment.**

The defendant argues that the statements alleged in the indictment are comparable to the statements found to be protected speech in *Bagdasarian*. The Court should reject his argument.

In *Bagdasarian*, the Ninth Circuit held that the government failed to prove that the statements in that case were true threats under both objective and subjective standards. In that case, the defendant posted on a Yahoo! Finance message board that (1) President Obama "will have a 50 cal in the head soon"; and (2) "shoot the nig." *Bagdasarian*, 652 F.3d at 1119. The court held the first statement was a prediction, and the second statement was an imperative to others to take violent action. *Id.* Neither was a true threat. *Id.* The court contrasted the statements in *Bagdasarian* to "the first-person and highly specific character of messages" in *United States v. Sutcliffe*, 505 F.3d 944 (9th Cir.2007), which were deemed true threats. *Id.* at 1123.

Devoid of all context, a statement such as "Blind and kill [Chitwood] [in real life]," as defendant allegedly wrote on 4chan, *see* Count 3, could be deemed similar to the imperative in *Bagdasarian* that was found to be protected speech. But in context, each of the statements alleged in the indictment is a true threat.[1]

First, in the same 4chan post, the defendant wrote: "I am an actual terrorist!!!!" In each of the other statements alleged in the indictment, the defendant referenced himself, even including his picture, *see* Count 4. Thus, the defendant included first-person references that were lacking in *Bagdasarian*.

Second, the defendant posted many of his threats on 4chan. At trial, the government will prove that it is common to find threats on 4chan. *Compare Bagdasarian*, 652 F.3d at 1121 ("the financial message board to which he posted them is a non-violent discussion forum that would tend to blunt any perception that statements made there were serious expressions of intended violence").

Third, in other posts and emails, as alleged in the indictment, the defendant claimed to possess guns and lasers capable of killing and blinding the victim. The defendant also posted to YouTube a video in which he utilized a laser to burn a hole in a photograph of Chitwood, specifically in Chitwood's face, and held apparent explosives in front of a photograph of Chitwood. As will be proven at trial, the defendant in fact possessed those items when he was posting and sending his threats.

---

[1] The government cites Count 3 as an example, but the arguments and context noted herein apply equally to each of the defendant's statements alleged in the indictment.

*U.S. v. Wahl*
3:23-cr-00087-SLG-MMS

Fourth, as will be proven at trial, after the *Washington Post* published a story about the threats the victim was receiving, quoted from an email the defendant sent, and reported how the threats had affected the victim's life, the defendant, referencing the story, posted how happy he was and that he was "emboldened":



Fifth, in other posts, as will be proven at trial, the defendant claimed he had committed actual acts of terrorism and admitted that he had threatened the victim:

> Anonymous ID:MHrcKBx8 Sun 30 Apr 2023 17:21:02 No.425381061  Report
> >>425380982
> Meanwhile I've commited actual terrorism, threatened shitwood and even tried to blow up a synagogue.

Sixth, in other posts, as will be proven at trial, the defendant claimed he was preparing to carry out his threats, leaving no doubt whatsoever as to his intent to threaten the victim:

> Anonymous ID:MHrcKBx8 Sun 30 Apr 2023 18:16:15 No.425386697  Report
> Quoted By: >>425387009
> >>425386645
> Ok, but I made an actionable threats and began traveling, even buying a ticket.
>
> Still no arrest.

*U.S. v. Wahl*
3:23-cr-00087-SLG-MMS

Page 7 of 8
Case 3:23-cr-00087-SLG-MMS   Document 74   Filed 05/09/25   Page 7 of 8

As explained, whether a statement is a true threat depends on the context. The above context, and more that will be presented at trial, demonstrates that the defendant's statements were true threats under both objective and subjective standards. The defendant will have an opportunity to make any opposing arguments to the Court in a Rule 29 motion, and to the jury.

## IV. Conclusion

For the reasons stated above this Court should deny the motion to dismiss.

RESPECTFULLY SUBMITTED May 9, 2025 at Anchorage, Alaska.

                              MICHAEL J. HEYMAN
                              United States Attorney

                              /s SETH M. BEAUSANG
                              SETH M. BEAUSANG
                              Assistant United States Attorney
                              United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s SETH M. BEAUSANG