IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 3:23-cr-00087-SLG |
| JOSHUA WAHL, | |
| Defendant. | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the Court at Docket 69 is Defendant Joshua Wahl's Motion to Dismiss Indictment Based on Insufficient Evidence and Violation of Wahl's Right to Free Speech Under the First Amendment of the Federal Constitution. The Government responded in opposition at Docket 74.

Mr. Wahl is charged with one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2), and four counts of transmitting threats in interstate commerce, in violation of 18 U.S.C. § 875(c).[1] The indictment alleges that Mr. Wahl emailed threats to Michael Chitwood, the Sheriff of Volusia County, Florida, and included links to YouTube videos from Mr. Wahl's YouTube account, and that Mr. Wahl posted threatening messages regarding Mr. Chitwood on 4chan, a discussion forum website.[2]

---

[1] Docket 2 (sealed).

[2] Docket 2 (sealed).

Mr. Wahl moves to dismiss the indictment against him, maintaining that the statements that the Government relies on in the indictment "fail to express any intent on Wahl's part to take any action to kill or injure Officer Chitwood. Rather, Wahl's statements express the imperative that some unknown third party should take violent action. . . . Like in *Bagdasarian*, the evidence is insufficient to support the" 18 U.S.C. § 875(c) counts in the indictment.[3] Mr. Wahl contends that his speech does not amount to true threats and it is therefore protected speech.[4] As to the cyberstalking count, Mr. Wahl maintains that the Government "cannot reasonably establish" that Mr. Wahl acted with the intent to harass or intimidate.[5] Further, Mr. Wahl contends that the email he sent directly to Mr. Chitwood does not contain a true threat and that there is no evidence that Mr. Chitwood saw the messages Mr. Wahl posted on 4chan.[6] Mr. Wahl also asserts that the transmission of one email is not enough to show that he had the intent to inure or harass Mr. Chitwood and "pursue[d] that intention through a course of conduct, defined as a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose."[7]

---

[3] Docket 69 at 9 (citing *United States v. Bagdasarian*, 652 F.3d 1113 (9th Cir. 2011)).

[4] Docket 69 at 9.

[5] Docket 69 at 11.

[6] Docket 69 at 12.

[7] Docket 69 at 9, 13 (quoting *United States v. Osinger*, 753 F.3d 939, 947 (9th Cir. 2014)).

Case No. 3:23-cr-00087-SLG, *United States v. Wahl*
Order on Defendant's Motion to Dismiss Indictment
Page 2 of 5
Case 3:23-cr-00087-SLG-MMS   Document 75   Filed 06/05/25   Page 2 of 5

True threats are not protected by the First Amendment.[8] Whether Mr. Wahl's statements were true threats—and therefore are crimes pursuant to 18 U.S.C. § 875(c)—is a question of fact for the jury. And whether the Government has proven the elements required for a cyberstalking conviction is a question of fact unresolvable at this state in the litigation. In *United States v. Nukida*, the Ninth Circuit held that a district court erred when it dismissed counts in an indictment pursuant to the defendant's Rule 12(b) motion.[9] The defendant there had argued that the products that she allegedly tampered with did not affect interstate commerce, which was an element of the charged crime.[10] The Ninth Circuit concluded that her challenge to "the government's ability to prove that her actions affected commerce [in] her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense."[11]

The same is true in this case. Mr. Wahl's claims that the statements he made were not true threats and that the Government has not shown a course of conduct as to his cyberstalking charge are factual challenges to the indictment.[12]

---

[8] *United States v. Bachmeier*, 8 F.4th 1059, 1064 (9th Cir. 2021) ("[T]he First Amendment allows criminalizing threats only if the speaker intended to make 'true threats.'" (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003))).

[9] *United States v. Nukida*, 8 F.3d 665, 667 (9th Cir. 1993).

[10] *Id.* at 667, 669.

[11] *Id.* at 669-70.

[12] *Id.* at 669 ("[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense."

Case No. 3:23-cr-00087-SLG, *United States v. Wahl*
Order on Defendant's Motion to Dismiss Indictment
Page 3 of 5
Case 3:23-cr-00087-SLG-MMS   Document 75   Filed 06/05/25   Page 3 of 5

Further, *United States v. Bagdasarian* is distinguishable. In that case, the defendant was charged pursuant to 18 U.S.C. § 879(a)(3) for threatening to kill or injure a major presidential candidate.[13] The charges were based on two statements the defendant had posted to an online message board "(1) 'Re: Obama fk the niggar, he will have a 50 cal in the head soon' and (2) 'shoot the nig.'"[14] The defendant waived his right to a jury trial, and after trial before a district judge upon stipulated facts, the district court found the defendant guilty on both counts. The defendant appealed, and the Ninth Circuit held that neither statement "convey[ed] [an] . . . explicit or implicit threat on the part of Bagdasarian that he himself will kill or injure Obama," and there was "insufficient evidence that either statement constituted a threat or would be construed by a reasonable person as a genuine threat" or that "Bagdasarian intended that his statements be taken as threats."[15]

Here, Mr. Wahl is charged with sending Mr. Chitwood an email recounting weapons in Mr. Wahl's possession and including a link to a YouTube video showing Mr. Wahl using a laser to burn a hole in a photograph of Mr. Chitwood.[16] Mr. Wahl is also charged with posting messages on 4chan that included statements like "Blind and kill shitwood in irl . . . I have been posting this for a

---

(internal quotation marks omitted)).

[13] *Bagdasarian*, 652 F.3d at 1115.

[14] *Id.* at 1115.

[15] *Id.* at 1119, 1122.

[16] Docket 2 at 2-3 (sealed).

Case No. 3:23-cr-00087-SLG, *United States v. Wahl*
Order on Defendant's Motion to Dismiss Indictment
Page 4 of 5
Case 3:23-cr-00087-SLG-MMS     Document 75     Filed 06/05/25     Page 4 of 5

month and I have not been arrested. . . I am an actual terrorist!!!!"; "I'll still have explosives, sound, plasma, lasers and ap ammo. . . . Kill shitwood in irl, shoot him the fucking head with a overpressure 10mm round."; "Kill Mike Chitwood in irl . . . Come and do something about it fedboys. My depleted uranium dust launcher wants to shred your lungs."[17] Mr. Wahl's alleged statements refer to himself, describe weapons in his possession, and suggest that law enforcement should take action based on his statements. In addition, the video he emailed directly to Mr. Chitwood allegedly depicted Mr. Wahl burning a hole in a photograph of Mr. Chitwood.

The Court finds that such statements could be construed by a reasonable person as communicating Mr. Wahl's genuine threats to harm Mr. Chitwood and that a reasonable factfinder could find that Mr. Wahl intended the statements to be taken as threats or at least acted recklessly in that regard.[18] As such, whether Mr. Wahl's statements constitute true threats remains an issue for the factfinder at trial.

The Court therefore DENIES Mr. Wahl's Motion to Dismiss Indictment Based on Insufficient Evidence and Violation of Wahl's Right to Free Speech Under the First Amendment of the Federal Constitution at Docket 69.

DATED this 5th day of June 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[17] Docket 2 at 4-5 (sealed).

[18] See Bagdasarian, 652 F.3d at 1119, 1122.

Case No. 3:23-cr-00087-SLG, *United States v. Wahl*
Order on Defendant's Motion to Dismiss Indictment
Page 5 of 5

Case 3:23-cr-00087-SLG-MMS    Document 75    Filed 06/05/25    Page 5 of 5